# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

NICOLE NAUDEN and  )
TIFFANY JACKSON, )
 )
    Plaintiff, )
 )
v. ) No. 4:05-CV-479 CAS
 )
ROBERT STEARNS, )
 )
    Defendant, )

## MEMORANDUM AND ORDER

This diversity matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiffs oppose the motion and the motion is fully briefed. The Court will grant the motion for the reasons set forth below.

**I.     BACKGROUND**

Plaintiffs Nicole Nauden and Tiffany Jackson filed this personal injury suit following an October 2004 auto accident with defendant Chelsea Perry. Plaintiffs pled diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for the Court's subject matter jurisdiction.

Defendant now moves to dismiss for lack of subject matter jurisdiction, arguing plaintiffs have not established the requisite amount in controversy. In support, defendant notes that Jackson has incurred only $4,911.00 in total medical damages, all of which is exclusively chiropractic care, and that she has not made a demand for lost wages or property damage. Defendant further argues that Nauden has incurred only $4,413.05 in total medical damages and that she has not made a demand for lost wages or property damage. Defendant also notes Nauden sought only $22,000.00 in a demand letter.

Plaintiffs oppose the motion, asserting they have a "good faith belief" their respective damages exceed $75,000 and that a trier of fact could award the requisite jurisdictional amount.

## II. DISCUSSION

In a case based upon this Court's diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and costs, 28 U.S.C. § 1332(a). "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002).

A federal court in a diversity action may exercise supplemental jurisdiction over additional plaintiffs whose claims do not satisfy the minimum amount-in-controversy requirement, provided the claims are part of the same case or controversy as the claims of plaintiffs who do allege a sufficient amount in controversy. Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2621-22, 545 U.S __ (2005) (overruling Trimble v. Asarco, Inc., 232 F.3d 946 (8th Cir. 2000)).

When a complaint appears to allege a sufficient amount in controversy to establish diversity jurisdiction but the amount in controversy is challenged by the opposing party, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence. Trimble v. Asarco, Inc., 232 F.3d 946, 959 (8th Cir. 2000) (overruled on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S __, 125 S. Ct. 2611 (2005)), (citing State of Missouri ex rel. Pemiscot County, Missouri v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995)). Thus, "the plaintiff's allegations of requisite jurisdictional amount are not necessarily dispositive of the issue." Western Surety, 51 F.3d at 173 (quoting Zunamon v. Brown, 418 F.2d 883, 885 (8th Cir. 1969)). "No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed

material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim." Trimble, 232 F.3d at 959 (quoting Osborne v. United States, 918 F.2d 724, 730 (8th Cir. 1990)).

Punitive damages are included in determining the amount in controversy. Allison, 980 F.2d at 1215 (citing Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943)). However, a claim for punitive damages is scrutinized more closely when determining the amount in controversy "to ensure that Congress's limits on diversity jurisdiction are properly observed." Western Surety, 51 F.3d at 173 (citing Larkin v. Brown, 41 F.3d 387, 389 (8th Cir. 1994)). "[O]nly statutory attorney fees count toward the jurisdictional minimum calculation." Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029 (8th Cir. 2005) (citing Crawford v. F. Hoffman-LaRoche Ltd., 267 F.3d 760, 765 (8th Cir. 2001)).

The Eighth Circuit has held that "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). "When the 'legal certainty' standard announced in Larkin is combined with the burden of proof, the relevant legal rule is that the proponent of diversity jurisdiction must prove a negative by a preponderance of the evidence in order to avoid dismissal of his or her case. Wright and Miller, for example, suggest that the proponent of federal jurisdiction must show 'that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount.' 14B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure § 3702 (3d ed. 1998). The Eighth Circuit has thus held that a district court has jurisdiction unless,

3

as a matter of law, (1) plaintiff could not recover punitive damages or damages for emotional distress; (2) the amount of damages that she could recover is somehow fixed below the jurisdictional amount; (3) or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents." Kopp v. Kopp, 280 F.3d 883 (8th Cir. 2002).

In light of the above standard and the arguments of counsel, the Court concludes that it appears to a legal certainty that no reasonable jury could award damages totaling mor than $75,000 under these circumstances. As plaintiffs' claims are for less than the requisite jurisdictional amount to establish federal diversity jurisdiction, the Court will grant defendant's motions to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Tiffany Jackson's cause of action is **GRANTED**. (Doc. 24)

**IT IS FURTHER ORDERED** that defendant's motion to dismiss Nicole Nauden's cause of action is **GRANTED**. (Doc. 26)

                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of November, 2005.